UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO JUAREZ RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:17-cv-0198 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a California state prisoner, presently incarcerated in Arizona, proceeding through counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). As set forth below, the undersigned recommends that two defendants be dismissed, and that this action be transferred to the District of Arizona.

II. Plaintiff's Complaint

Plaintiff alleges that on or about February 1, 2016, while housed at the La Palma Correctional Center in Arizona ("La Palma"), Doe defendants 1-50 had prior knowledge that a physical attack on plaintiff was going to take place yet took no action to stop or prevent the attack, and that following the attack, no investigation was conducted, the inmates and correctional officers were not brought to justice, but plaintiff was put in solitary confinement. As a result,

1

plaintiff suffered physical injuries, current and future hospital and medical expenses, psychological, mental and emotional injuries, and pain and suffering. As causes of action, plaintiff alleges the following violations: (1) civil rights violations based on his (a) right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments; (b) right to be free from excessive and unreasonable force as secured by the Fourth and Fourteenth Amendments; (c) right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking force under the Fourteenth Amendment; (d) right to be free from conspiracy, which interferes with his civil rights; (2) violation of California Civil Code § 52.1; (3) negligence; (4) assault and battery; and (5) California Civil Code § 51.7. Plaintiff seeks compensatory, general, exemplary, and punitive damages, costs and attorney fees. In addition to the Doe defendants, plaintiff names as defendants: the State of California; California Department of Corrections and Rehabilitation ("CDCR"); La Palma; Chuck Keeton, Warden of La Palma; Corrections Corporation of America ("CCA"); Arizona Department of Corrections ("AZ DOC"); and Charles L. Ryan, Director of AZ DOC.

On March 9, 2017, plaintiff filed a notice purporting to substitute "Officer Delsi" in place of "Doe 1." (ECF No. 5.)

III. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

IV. Improper Defendants

Plaintiff names as defendants the State of California and the CDCR.

The Eleventh Amendment to the United States Constitution prescribes: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. The Amendment has been

interpreted to preclude suits brought by citizens against their own state as well. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984). It also bars a federal district court from exercising supplemental jurisdiction over claims brought against a state based on state law. Id. at 120-21 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."). "Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings . . . ." In Re Jackson, 184 F.3d 1046, 1048 (9th Cir. 1999). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974). Further, "[a]lthough a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (emphasis added) (superseded by statute on other grounds). In order to constitute a waiver of Eleventh Amendment immunity, a state statute "must specify the State's intention to subject itself to suit in federal court." Id. (emphasis in original).

The State of California has not consented to suit and is entitled to sovereign immunity. In addition, the CDCR is considered an arm of the state for purposes of the Eleventh Amendment. Moreno v. California, 25 F. Supp. 2d 1060, 1063 (N.D. Cal. 1998) (citing Taormina v. Cal. Dep't of Corr., 946 F.Supp. 829, 831 (S.D. Cal. 1996), aff'd, 132 F.3d 40 (9th Cir. 1997)); see also Philips v. McGrath, 2007 WL 2781270, at *2 n.3 (N.D. Cal. Sept. 20, 2007) (noting that CDCR was previously known as California Department of Corrections). Thus, "the CDC[R] is immune from suit under the Eleventh Amendment. . . ." Moreno, 25 F. Supp. 2d at 1063. The Eleventh Amendment erects a general bar against federal lawsuits brought against the state and there is no exception present here. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citing Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003)) (quotation marks omitted).

In addition, plaintiff is seeking monetary damages only and has not stated a claim for injunctive relief. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).

Thus, both the State of California and the CDCR should be dismissed.

////

| | |
|---|---|
|1| V. <u>Improper Venue</u> |
|2| The federal venue statute provides that a civil action "may be brought in (1) a judicial |
|3| district in which any defendant resides, if all defendants are residents of the State in which the |
|4| district is located, (2) a judicial district in which a substantial part of the events or omissions |
|5| giving rise to the claim occurred, or a substantial part of property that is the subject of the action |
|6| is situated, or (3) if there is no district in which an action may otherwise be brought as provided in |
|7| this action, any judicial district in which any defendant is subject to the court's personal |
|8| jurisdiction with respect to such action." 28 U.S.C. § 1391(b). |
|9| First, dismissal of the two California defendants leaves no named defendant residing in |
|10| the state of California. Venue would then be improper in this district because no defendant would |
|11| be found here. Second, the actions about which plaintiff complains occurred in Arizona where |
|12| the alleged physical assault and the alleged omissions took place, and where the alleged policies |
|13| and regulations were promulgated. Thus, the first two factors of § 1391(b) strongly favor finding |
|14| venue is improper in this district and properly lies in the District of Arizona. The third factor of |
|15| § 1391(b) does not apply because this action may be brought in Arizona. Federal judges in |
|16| California have reached the same conclusion when analyzing venue for claims brought by |
|17| California inmates housed at La Palma. See <u>Lozano v. Giovino</u>, 2015 WL 5023003 (E.D. Cal. |
|18| Aug. 24, 2015) (proper venue for Eighth Amendment claims regarding medical care at La Palma |
|19| was in Arizona); <u>Tilton v. Brown</u>, 2013 WL 3804583 (E.D. Cal. July 19, 2013) (because proper |
|20| venue for claims regarding access to the La Palma library was in Arizona, Tilton must pursue |
|21| such claims in a new action brought in the District of Arizona); <u>Marroquin v. Cate</u>, 2013 WL |
|22| 451405, at *4 (N.D. Cal. Feb. 5, 2013) (because proper venue for claims concerning reasonable |
|23| accommodations, medical treatment and access to the courts at La Palma was in Arizona, |
|24| Marroquin must present such claims to a court in Arizona). |
|25| Furthermore, judges in Hawaii have reached the same conclusion when analyzing venue |
|26| for claims brought by Hawaii inmates housed at Saguaro Correctional Center ("SCC") in |
|27| Arizona. See <u>Ah Sing v. Dept. of Public Safety</u>, 2012 WL 5880918 (D. Hawaii Nov. 21, 2012) |
|28| (concluding that transfer of the case from Hawaii to Arizona was proper because Arizona is |

where plaintiff was incarcerated at SCC, where his claims allegedly occurred, and that any contractual agreement between CCA and the State of Hawaii is not determinative because the place of intended performance of the contract is Arizona, not Hawaii); Davis v. State of Hawaii, 2009 WL 1227841, at *4 (D. Hawaii May 4, 2009) (venue was proper in Arizona, where the Hawaii state prisoner was incarcerated at SCC, and was allegedly prevented from practicing his Native Hawaiian religion); Lee v. Corrections Corporation of America, 525 F. Supp. 2d 1238, 1242 (D. Hawaii 2007) (rejecting argument that venue was proper in Hawaii based on the contract between CCA and the Hawaii Department of Public Safety (DPS) and the latter's responsibility to monitor the treatment of Hawaii inmates, and concluding venue proper in Mississippi where Lee allegedly sustained injuries when attacked by other inmates).

The undersigned finds nothing in plaintiff's complaint that would suggest a different result.[1] Accordingly, the undersigned finds that venue is improper in this district.

VI. Dismiss or Transfer

    A. 28 U.S.C. § 1406(a)

Because the undersigned finds that venue is improper, this court has discretion to dismiss the case or transfer it to a proper venue if the convenience of the parties and the interests of justice allow. 28 U.S.C. § 1406(a); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992). The court may transfer this action to any district in which it properly could have been brought. 28 U.S.C. § 1406(a).

Here, plaintiff could have brought this action in the District of Arizona. Thus, the court recommends that the action be transferred in the interests of justice to the United States District Court of Arizona. The transfer of the action as opposed to dismissal will spare plaintiff the delay and expense involved in re-filing the action. Accordingly, it is recommended that this action be transferred to the District of Arizona.

////

---

[1] That plaintiff included Doe defendants does not impact the decision because the Doe defendants involved in the alleged assault or allegedly failing to act to protect plaintiff from the alleged assault would also reside in Arizona.

B. 28 U.S.C. § 1404(a) - Transfer for Convenience

In the alternative, this action should be transferred for the convenience of the parties, the witnesses, and in the interest of justice under 28 U.S.C. § 1404(a). See also Stewart Org., Inc., v. Ricoh Corp., 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'") (citing Van Dusen v. Barrack, 376 U.S. 612, 622, (1964)).[2] In addition to considering the convenience of the parties, the convenience of the witnesses, and the interests of justice, the district court may consider several factors in evaluating such a discretionary transfer, including:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses; and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Not every factor will apply in every case. Id. In addition, a federal district court is not required to determine that it has personal jurisdiction over the defendants before exercising its discretion to transfer a case to the appropriate venue rather than dismiss it outright. See Berman v. Modell, 2013 WL 5703352, *5 (E.D. Cal. Oct. 15, 2013) ("[b]ecause the undersigned recommends the transfer of this entire case on venue grounds, the court need not reach the question whether this court has personal jurisdiction over the defendant"); Kawamoto v. CB Richard Ellis, Inc., 225 F. Supp. 2d 1209, 1211-12 (D. Haw. 2002) (collecting cases).

Here, the convenience of the parties and witnesses and the location of evidence favors transfer of this action to the District of Arizona. Because the alleged physical assault occurred at

---

[2] A court has the power to *sua sponte* order transfer under § 1404(a). Mills v. Beech Aircraft Corp., 886 F2d 758, 761 (5th Cir. 1989); National Accept. Co. of America v. Wechsler, 489 F.Supp. 642, 649 (N.D. IL 1980). Indeed, a federal court may transfer an action under § 1404(a) or dismiss it under the doctrine of forum nonconveniens, even if both parties oppose such action. Starnes v. McGuire, 512 F.2d 918, 933-34 (D.C. Cir. 1974); see also Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336-37 (11th Cir. 2011).

La Palma, and any correctional officer defendants involved in the alleged failure to protect plaintiff from the alleged assault are located at La Palma, and most, if not all, of the material witnesses necessary to prosecute and defend this case are located in Arizona. Plaintiff and key defendants yet to be named reside in Arizona. Persons with knowledge of the policies and procedures and how they are implemented at La Palma are also located in Arizona. Depositions of such witnesses would need to take place in Arizona, and transfer of this action to Arizona would alleviate logistics and costs relative to discovery and trial. Arguably there are more witnesses located in Arizona, so the availability of compulsory process to compel attendance of unwilling non-party witnesses weighs in favor of transfer. Moreover, evidence related to the alleged physical attack would also be located in Arizona.

While plaintiff's choice of forum is often a compelling factor leaning against transfer, when the plaintiff does not live in the chosen forum, as is the case here, that factor loses weight in the analysis. See Berman, 2013 WL 5703352 at *9; Lozano, 2015 WL 5023003, at *3.

Therefore, even if venue were not improper, for the above reasons, the undersigned finds that transfer to the District of Arizona is appropriate for convenience and in the interests of justice, and recommends that this action be transferred to the District of Arizona in the interest of justice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants State of California and the CDCR be dismissed; and

2. This action be transferred to the District of Arizona.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 4, 2017

*[signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/rodr0198.21c